taken against the defendant, and the correction of the clerical error in amending the judgment so as to contain the name of "David Tim," instead of "Louis Tim," cannot work an injury against defendant, unless, as he claims, his right to appeal from the judgment has thereby been lost.

Defendant asserts that there was no proof upon the inquest of the reassignment of the claim from Louis Tim to David Tim, and hence an appeal would result in a defeat of the judgment. No evidence has been submitted to me of the omission to prove the reassignment; but, assuming that an appeal from the judgment would be successful, I fail to understand how the right of defendant to appeal has been interfered with, in view of defendant's statement that a copy of the judgment had never been served on defendant's attorneys. Code Civ. Proc. §§ 1341, 1294. As the motion to set aside the judgment is not based upon any facts excusing defendant's default, but rests solely upon alleged irregularities, there is no alternative but to deny defendant's motion. As for the plaintiff's motion, it is apparent that the entry of a judgment in an action entitled "Louis Tim" was inadvertent, and that the judgment should have been in the name of "David Tim." No substantial right of the defendant is affected by an allowance of the amendment, and under the power expressed in section 723 of the Code of Civil Procedure permitting such amendments the motion to amend is granted.

The plaintiff having stipulated in his brief to reduce the judgment to the extent of the unauthorized costs, which defendant claimed were taxed against him, the judgment may be further amended by reducing the amount thereof accordingly.

---

(56 Misc. Rep. 353.)

### MANHATTAN RY. CO. v. ASTOR et al.

(Supreme Court, Special Term, New York County. November, 1907.)

EMINENT DOMAIN—POWER OF ELEVATED ROADS.

The term "railroad corporation," as used in General Railroad Act, Laws 1890, p. 1083, c. 565, § 4, includes elevated railroads; and such railroads have power to acquire land necessary for their maintenance and accommodation.

[Ed. Note.—For other definitions, see Words and Phrases. vol. 7, pp. 5909–5911; vol. 8, p. 7778.]

Proceedings by the Manhattan Railway Company against John J. Astor and others to condemn real estate. Decree for plaintiff.

C. A. Gardiner, for plaintiff.
Skinner & Bernant, for defendants.

NEWBURGER, J. Defendants are the owners of the premises sought to be condemned, one parcel of which is situated at the southeasterly corner of the Bowery and Houston street, and the other parcel at the southwesterly corner of the Bowery and Houston street. An elevated road has been operated along the Bowery and Third avenue and in front of the premises owned by the defendants since the year

1878. Plaintiff now proposes to erect and maintain two stairways in connection with two stations now in use on the east and west side of the Bowery and Houston street, for the purpose of affording means of approach and exit for the passengers. The traffic at the stations referred to is so great that the present stairways are not sufficient. There appears to be no question that the improvements contemplated are necessary; but the defendants question the authority of the plaintiff. It has been held that the term "railroad corporation," as used in General Railroad Act, Laws 1890, p. 1083, c. 565, § 4, includes elevated railroads, and that such elevated railroads have power to acquire lands as may be necessary for its maintenance and accommodation.

Plaintiff is entitled to a decree. Submit decree and findings upon notice.